IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACKIE L. AARON, #170972, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-193-WKW |
| | ) | [WO] |
| | ) | |
| JEFFREY P. MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jackie L. Aaron ["Aaron"], a state inmate, asserts that the defendants violated his constitutional rights with respect to criminal charges lodged against him and during state court criminal proceedings related to such charges. He also complains that the Alabama State Bar Association refused to discipline his appointed attorneys. Aaron names Jeffrey P. Montgomery and Jeffrey W. Wagnon, attorneys in Gadsden, Alabama, appointed to represent him in the criminal proceedings; Carol M. Wright, an investigator/paralegal with the Alabama State Bar Association; and Larry Phillips, a detective with the Gadsden Police Department, as defendants in this cause of action.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the

Northern District of Alabama pursuant to provisions of 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed by an inmate under the authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

All but one of the named defendants reside in the Northern District of Alabama.  The actions about which the plaintiff complains either occurred within the jurisdiction of the United States District Court for the Northern District of Alabama or are related to actions that occurred in such district.  Moreover, the plaintiff previously litigated substantially similar complaints against these same defendants in the United States District Court for the Northern District of Alabama.  *Aaron v. Phillips, et al.*, Case No. 5:06-CV-00859-CLS-

---

[1] Attached to Aaron's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*.  However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

RRA (N.D. Ala. 2006); *Aaron v. Cardwell, et al.*, Case No. 5:06-CV-1742-VEH-RRA (N.D. Ala. 2006). Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before March 28, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

---

[2] In transferring the present case, this court makes no determination with respect to the merits of the plaintiff's claims for relief. However, it appears that the claims presented in the complaint are subject to summary dismissal as malicious in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE